# EXHIBIT A
# Complaint

Electronically Filed
5/8/2018 11:04 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
NAQVI INJURY LAW
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
elizabeth@naqvilaw.com
*Attorneys for Plaintiff*



# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| LILIA JARRELL, individually, | Case No.: A-18-774158-C |
| Plaintiff, | Dept. No.: Department 17 |
| vs. | **COMPLAINT** |
| WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #2593; INLAND DIVERSIFIED LAS VEGAS EASTERN BELTWAY, LLC; THE INLAND REAL ESTATE GROUP, LLC a/k/a THE INLAND REAL ESTATE GROUP, INC.; INLAND REAL ESTATE INVESTMENT CORPORATION; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff LILIA JARRELL, by and through her attorney of record, FARHAN R. NAQVI of NAQVI INJURY LAW, alleges against defendants WAL-MART STORES, INC., WALMART INC. d/b/a WALMART #2593, INLAND DIVERSIFIED LAS VEGAS EASTERN BELTWAY, LLC, THE INLAND REAL ESTATE GROUP, LLC a/k/a THE INLAND REAL ESTATE GROUP, INC., INLAND REAL ESTATE INVESTMENT CORPORATION, DOES 1 through

100 and ROE CORPORATIONS 1 through 100 (hereinafter collectively referred to as "Defendants") as follows:

### PARTIES AND JURISDICTION

1. Plaintiff LILIA JARRELL (hereinafter "Plaintiff") is and, at all times relevant herein, was a resident of the County of Clark, State of Nevada.

2. Defendant WAL-MART STORES, INC., upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

3. Defendant WALMART INC. d/b/a WALMART #2593, upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. Defendant INLAND DIVERSIFIED LAS VEGAS EASTERN BELTWAY, LLC, upon information and belief, is and, at all times relevant herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

5. Defendant THE INLAND REAL ESTATE GROUP, LLC a/k/a THE INLAND REAL ESTATE GROUP, INC., upon information and belief, is and, at all times relevant herein, was a foreign limited-liability company licensed and conducting business in Clark County, Nevada.

6. Defendant INLAND REAL ESTATE INVESTMENT CORPORATION, upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

7. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS

1 through 100, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES 1 through 100 and ROE CORPORATIONS 1 through 100 is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject premises and/or the area where the alleged incident occurred as described more fully below, including, but not limited to, cleaning companies and their employees and/or agents, and/or their status as creators, owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject dangerous condition described below and/or objects concerning the subject dangerous condition, and/or their agency, master/servant or joint venture relationship with the otherwise responsible parties, including any other entities who are also responsible for the events and claims asserted herein, such as parent and subsidiary companies affiliated with the named or otherwise responsible entities. Moreover, on information and belief, Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 were involved in the initiation, approval, support or execution of the wrongful/negligent acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

8. That at all times pertinent, Defendants were agents, servants, employees, or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named Defendants.

9. At all times relevant herein, Defendants' employees and/or authorized agents contributed to and/or caused the circumstances resulting in the subject incident described below, and said employees and/or agents were acting within the course and scope of such employment and/or agency at the time, thereby rendering Defendants liable for the negligent acts of said employees and/or agents under the doctrine of vicarious liability/respondeat superior. The true names and capacities of these employees and agents are presently unknown to Plaintiff at this time, who therefore identifies said individuals by the collective fictitious name of "DOE EMPLOYEES." When the true names and capacities of these individuals are ascertained, Plaintiff will seek to amend this Complaint as necessary.

10. That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada on the premises of Walmart #2593 located at 2310 E Serene Avenue, Las Vegas, Nevada 89123 (hereinafter the "Premises"), which, upon information and belief, at all times mentioned herein, was owned, maintained, managed, operated, constructed, installed, inspected, created and/or controlled by Defendants and/or that Defendants were otherwise responsible for the area on the Premises where the subject incident occurred and/or that Defendants were otherwise responsible for the subject dangerous condition that is described more fully below and/or that Defendants are otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

///

## GENERAL FACTUAL ALLEGATIONS

11. That on June 2, 2016, Plaintiff was visiting the Premises when she slipped on a wet and slippery walking surface which, upon information and belief, was insufficiently slip resistant (the wet and insufficiently slip resistant walking surface is hereinafter collectively referred to as the "Dangerous Condition"), causing her to fall. The Dangerous Condition was at all times concealed to Plaintiff as there was no sign or other warning of this Dangerous Condition and it was not detectable to her. As a result of the fall, Plaintiff sustained numerous traumatic injuries.

12. That, upon information and belief, at all times mentioned herein, Defendants owned, maintained, managed, operated, constructed, installed, inspected, created, controlled and/or were otherwise responsible for the subject Premises and/or the area where the Dangerous Condition was located, and/or were otherwise responsible for the Dangerous Condition, and/or were otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

13. That Defendants knew, reasonably should have known and/or caused the Dangerous Condition to exist.

14. That Defendants failed to warn, caution, place signs, or otherwise make safe the Dangerous Condition existing on or about the Premises.

15. That Defendants had a non-delegable duty to Plaintiff to keep the Premises safe and, despite this, Defendants negligently, carelessly and/or recklessly created, maintained and/or allowed the Dangerous Condition to exist.

16. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, her wrist, knees, shoulders, elbow, neck, back, psyche,

bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

17. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and that said services, care and treatment are continuing and shall continue into the future all to Plaintiff's damages in a sum in excess of $15,000.00.

18. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

19. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

20. Plaintiff incorporates paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

21. That Defendants, as the owners, maintainers, managers, operators, constructors, installers, inspectors, creators, controllers and/or otherwise responsible parties of the Premises, owed Plaintiff a duty of care to provide a safe environment for Plaintiff, free from dangerous conditions.

22. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions.

///

23. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

24. That Defendants knew or reasonably should have known that the subject Dangerous Condition existed on the Premises.

25. That Defendants, at all times relevant herein, breached the aforementioned duties of care by, among other things:

    a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

    b. Failing to properly inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

    c. Creating, permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite actual and/or constructive notice;

    d. Failing to properly warn of the non-obvious Dangerous Condition;

    e. Failing to have adequate policies and procedures to prevent, detect and make safe dangerous conditions on the Premises; and

    f. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

26. Upon information and belief, at all times relevant herein, Defendants' employees and/or authorized agents, DOE EMPLOYEES, contributed to and/or caused the circumstances resulting in the subject incident described above, and said employees and/or agents were acting within the course and scope of such employment and/or agency at the time.

///

///

27. Upon information and belief, Defendants are liable for the subject negligent acts of their employees and/or agents, DOE EMPLOYEES, under the doctrine of vicarious liability/respondeat superior.

28. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to his body, limbs, organs and/or systems, all or some of which conditions may be permanent and disabling and all to Plaintiff's damage in a sum in excess of $15,000.00. That said services, care and treatment are continuing and shall continue into the future.

29. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

30. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

31. Plaintiff incorporates paragraphs 1 through 30 of the Complaint as though said paragraphs were fully set forth herein.

32. Defendants owed Plaintiff several duties including, but not limited to, the following:

    a. The duty to keep Plaintiff safe from the negligent acts of their employees;

    b. The duty to provide and hire responsible employees, including implementing adequate policies and procedures therefor; and

///

c. The duty to conduct reasonable investigations into the backgrounds of their employees.

33. Upon information and belief, Defendants breached these duties by, among other things:

   a. Hiring individuals, including DOE EMPLOYEES, who were not qualified and/or competent for their positions;

   b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including DOE EMPLOYEES;

   c. Failing to implement adequate policies and/or procedures for hiring employees, including DOE EMPLOYEES; and/or

   d. Failing to adequately train their employees, including DOE EMPLOYEES.

34. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

35. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as though said paragraphs were fully set forth herein.

37. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees. This duty required Defendants to train and supervise employees, including DOE EMPLOYEES, to ensure that these employees acted without negligence.

38. Defendants breached this duty when they failed to properly train and supervise employees, including DOE EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein. If Defendants had properly trained and supervised their employees, including DOE EMPLOYEES, this negligence would not have occurred.

39. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

40. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CAUSE OF ACTION

41. Plaintiff incorporates paragraphs 1 through 40 of the Complaint as though said paragraphs were fully set forth herein.

42. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees.

43. Upon information and belief, Defendants breached this duty when they negligently retained employees, including DOE EMPLOYEES, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position.

44. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

45. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LILIA JARRELL, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

DATED this 8 day of May, 2017.

NAQVI INJURY LAW

By: _____
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

Electronically Filed
5/8/2018 11:04 AM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
NAQVI INJURY LAW
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
elizabeth@naqvilaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LILIA JARRELL, individually, | Case No.:<br>Dept. No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S NRCP 7.1 DISCLOSURE STATEMENT** |
| WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #2593; INLAND DIVERSIFIED LAS VEGAS EASTERN BELTWAY, LLC; THE INLAND REAL ESTATE GROUP, LLC a/k/a THE INLAND REAL ESTATE GROUP, INC.; INLAND REAL ESTATE INVESTMENT CORPORATION; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | |

///

///

///

COMES NOW Plaintiff LILIA JARRELL, by and through her attorney of record, FARHAN R. NAQVI of NAQVI INJURY LAW, and hereby certifies pursuant to Nevada Rule of Civil Procedure 7.1 that there are no known interested parties other than those participating in this matter.

DATED this ___ day of May, 2018.

NAQVI INJURY LAW

By: _____
FARHAN R. NAQVI
Nevada Bar No. 8589
ELIZABETH E. COLEMAN
Nevada Bar No. 12350
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*