**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LILIA JARRELL, | Case No. 2:18-cv-01219-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| WAL-MART STORES, INC., et al., | |
| Defendants. | |

Presently before the court is defendant Wal-Mart Stores, Inc.'s motion to perform limited discovery outside the discovery period (ECF No. 22), filed on March 5, 2019. Plaintiff filed a response (ECF No. 23) on March 19, 2019. Defendant did not file a reply.

Also before the court is defendant's request for a hearing (ECF No, 26), filed on April 1, 2019.

## I. BACKGROUND

This is a personal injury action that arises from plaintiff's alleged slip-and-fall in Walmart Store No. 2593 in Las Vegas, Nevada. (Compl. (ECF No. 1).) On October 19, 2018, the court granted the parties' stipulation to extend discovery deadlines. (Order (ECF No. 17).) The amended scheduling order states that March 4, 2019 is the discovery deadline. (*Id.*) Defendant now moves to conduct the depositions of Kevin Jarrell and Danny Gutierrez outside of the discovery period because defendant recently discovered their identities. (Mot. to Take Deposition (ECF No. 22).) Plaintiff responds that defendant failed to demonstrate good cause or excusable neglect in its request. (Resp. (ECF No. 23).) Defendant also requests a hearing before the undersigned Judge, and that the court amend the scheduling order to accommodate the depositions. (Mot. for Hearing (ECF No. 26).)

//

## II. ANALYSIS

Under Local Rule 26-4

> [a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in *Johnson v. Mammoth Recreations, Inc.*, the good cause standard primarily considers the diligence of the party or parties seeking the extension. 975 F.2d 604, 609 (9th Cir. 1992).

In addition to a showing of good cause, a request made after the expiration of a deadline must be accompanied by a showing of excusable neglect. *See* LR 26-4. In evaluating excusable neglect, the court considers the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman* v. U.S. Postal Service, 231 F.3d 1220, 23–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)).

Having reviewed the motion, the court finds that defendant has demonstrated both good cause and excusable neglect. Defendant promptly filed this motion after discovering the names of the two potential witnesses. Permitting the depositions of the two witnesses will not severely prejudice plaintiff, as the proceedings will suffer only a minor delay to allow sufficient time to conduct the depositions. In defendant's request for a hearing, defendant proposes only a short extension and anticipates conducting the depositions before April 25, 2019. As to the reason for the delay, defendant only recently learned the names of the potential witnesses during the February 21, 2019 depositions. The court also notes that plaintiff added to the delay by her insufficient responses to defendant's interrogatories. Lastly, there is no indicia of bad faith.

Therefore, the court will grant defendant's motion to perform limited discovery. Given that the court has granted the motion to perform discovery, the court will deny the request for a hearing but grant the request to amend the scheduling order.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Wal-Mart Stores, Inc.'s motion to perform limited discovery outside the discovery period (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED defendant's request for a hearing (ECF No. 26) is DENIED in part and GRANTED in part.

IT IS FURTHER ORDERED that discovery is reopened for the limited purpose of conducting the depositions of Kevin Jarrell and Danny Gutierrez.

IT IS FURTHER ORDERED that the scheduling order is amended accordingly:

| | |
|---|---|
| Dispositive Motion Deadline | May 3, 2019 |
| Proposed Pretrial Order | June 7, 2019 |

DATED: April 9, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE