**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LILIA JARRELL,

          Plaintiff,

vs.

WAL-MART STORES, INC., *et al.*,

          Defendants.

2:18-cv-01219-APG-VCF

**<u>ORDER</u>**

MOTION FOR EXCLUSION SANCTIONS [ECF NO. 45]

Before the Court is defendants Wal-Mart Stores, Inc. and Walmart, Inc. d/b/a Walmart #2593's (referred to as singular "Walmart" or "defendant" throughout) motion to exclude plaintiff's past medical damages and lost wages, earning capacity and future damages claim. (ECF No. 45). The Court denies the motion.

**I.    Background**

Plaintiff alleges that she slipped and fell on a wet floor at Walmart: she brings claims for (1) negligence (premises liability); and (2) negligent hiring, training, supervision and retention. (ECF No. 45-3). The expert disclosure deadline in this case was January 4. 2019. (ECF 17 at 3). Discovery closed in this case on March 4. 2019. (*Id.*) On April 9, 2019, Judge Hoffman granted Walmart's motion to take two depositions after discovery closed. (ECF No. 27). On May 3, 2019, Walmart filed a motion for summary judgment. (ECF No. 28). On February 19, 2020, Judge Gordon denied Walmart's summary judgment motion. (ECF No. 33). On March 24, 2020, the Court referred this case for the scheduling of a settlement conference. (ECF No. 35). After an unsuccessful case settlement conference, Judge Albregts recused himself from this case, and in October 2020 this case was randomly reassigned to the undersigned magistrate judge. (ECF No. 41). On October 14, 2020, the parties stipulated to continue the

1  trial due in part to Walmart having new defense counsel. (ECF No. 44 at 2). On February 10, 2021, the
2  parties stipulated to continue the trial again due in part to the instant pending motion for exclusion
3  sanctions and the Court granted the stipulation: trial is now set for August 17, 2021. (ECF No. 53).

4  Defendant argues in their motion to exclude that plaintiff's emergency room records show that
5  she initially only reported left wrist pain and pain in her upper extremities, but since then, she has
6  received multiple treatments for numerous additional injuries. (ECF No. 45 at 2). Defendant states that it
7  did not learn about some of her damages (such as calculations for surgeries) until it received her expert
8  disclosures and her supplemental disclosure statement on January 24, 2019.[1] (*Id.*) Defendant also argues
9  that plaintiff continued to send it multiple supplements after discovery closed which increased her
10 damages and prejudiced defendant. (*Id.* at 22).

11 Plaintiff argues in her response that she timely served her damages disclosures via written
12 discovery and she timely served her expert reports pertaining to liability and damages. (ECF No. 48 at
13 4). Plaintiff argues that Walmart waited two years to file this motion, i.e. it did not file a sanctions
14 motion before the close of discovery, it did not mention anything regarding damages or experts in its
15 motion to take additional depositions after the close of discovery, did not request a Rule 35 exam, did
16 not depose any of plaintiff's treating physicians, and that Walmart could have taken additional discovery
17 regarding plaintiff's damages disclosures before the close of discovery in March 2019. (*Id.*) Plaintiff
18 admits that she made multiple disclosures in January 2019, but she argues these disclosures were
19 substantially justified because her expert reports contained opinions of first impression (and she alleges
20 she timely produced these reports and supplemented per these reports). (*Id.*) Plaintiff argues that she
21 continued to supplement after the close of discovery due to her ongoing treatments, including surgery.
22 (*Id.*) Plaintiff alleges that she produced multiple supplements since the close of discovery regarding her

---

[1] Defendant presents a lengthy chronology regarding the timing of multiple disclosures in its 25-page motion. For brevity, the Court will refer to disclosures plaintiff made before the close of discovery and after discovery closed.

2

ongoing treatments because two years has passed since the close of discovery. (*Id.* at 12). Plaintiff argues that Walmart is bringing this motion on the eve of trial to attempt to gain a tactical advantage at trial. (*Id.* at 21)

Defendant argues in its reply that the federal rules mandate that plaintiff make her disclosures at the outset of discovery. (ECF No. 51 at 4). Defendant alleges it suffered prejudice in its ability to prepare its challenge to plaintiff's untimely damages claims as it learned, for the first time approximately 45 days prior to the close of discovery, that plaintiff needed additional surgeries and she had new information regarding her claimed damages. (*Id.* at 8). Walmart also argues in its response that if the Court declines exclusion sanctions, in the alternative, it should allow defendant to retain and offer rebuttal opinions related to all future damages, loss of household services and lost wages experts, and order plaintiff to pay for the deposition practice. (*Id.* at 10).

## II.     Discussion

Federal Rule of Civil Procedure 37(c)(1) allows courts to exclude evidence that a party fails to disclose under Rule 26 "unless the failure was substantially justified or is harmless." *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, at 4 (D. Nev. Dec. 16, 2010). "'Extreme situations' in which the plaintiff did not provide a damage computation until shortly before trial or until well after the close of discovery" justify an order of exclusion. *Id.* (quoting *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003) & citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008). The party facing exclusion sanctions bears the burden of demonstrating a substantial justification or harmlessness under Rule 37. *Nitta v. United States*, 2019 WL 8272658, at 2 (D. Nev. June 28, 2019) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 59 F.3d 1106-1107 (9th Cir. 2001). Motions for exclusionary sanctions are infrequently granted given that "[c]ourts universally recognize the strong preference for deciding cases on the merits whenever reasonably possible." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).

1    Although Rule 37 does not contain an express time limit for filing a motion for sanctions,
2  "[u]nreasonable delay may render a motion for sanctions untimely." *Tourgeman v. Collins Fin. Servs.,*
3  *Inc.*, No. 08CV1392-JLS NLS, 2012 WL 28289, at 3 (S.D. Cal. Jan. 5, 2012), citing to *Long v. Howard*
4  *Univ.*, 561 F.Supp.2d 85, 91 (D.D.C.2008); see also *Freeman v. Allstate Life Insurance Co.*, 253 F.3d
5  533 (9th Cir.2001) (district court did not abuse discretion in denying motion in limine upon basis that
6  the issue contained therein could have been prosecuted earlier during discovery before the magistrate
7  judge.)
8    "It is generally agreed that a motion for sanctions, regardless of the source of authority for the
9  imposition of sanctions, must be timely filed." *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083
10 JAK SSX, 2012 WL 4052023, at 4 (C.D. Cal. Sept. 14, 2012). "Courts have also found that
11 unreasonable delay in filing a motion for sanctions under the court's inherent powers may render the
12 request untimely." *Id.*, citing to *Clark v. United States*, 2011 WL 66181 at 4 (D. Hawai'i Jan.7, 2011).
13 "The timeliness of a motion for sanctions for discovery violations depends on such factors as when the
14 movant learned of the violation, how long he waited before bringing it to the court's attention, and
15 whether discovery has been completed." *Long,* 561 F. Supp. 2d at 85, citing to FRCP 37(c)(1).
16    Despite allegedly learning of some of plaintiff's additional damages claims for the first time in
17 January 2019, Walmart did not file its motion for exclusion sanctions before discovery closed in March
18 2019. Walmart asked the Court to take additional depositions after discovery closed, but it did not ask
19 the Court to allow it to retain and offer rebuttal opinions related to all future damages, loss of household
20 services and lost wages experts (its proposed alternative in this motion). The Court referred this case for
21 a settlement conference 14-months after Walmart allegedly learned of the updated damages disclosure,
22 and at no time during that 14-month period (before the referral) did Walmart file a motion for sanctions
23 or seek alternative relief regarding any potential prejudice (such as asking the Court to retain rebuttal
24 experts). Walmart instead seeks sanctions now, almost two years after it alleges it learned of the
25

additional damages disclosures[2]; long after discovery closed and on the eve of trial (the parties note in their stipulation to continue that the trial should be rescheduled in part because defendant filed this motion). Based on this record, this long delay is unreasonable, and the Court denies the motion for sanctions for alleged discovery violations as untimely.

Even assuming arguendo that Walmart's motion is timely, this is not an extreme situation that would justify exclusion sanctions, as most of the disclosures defendant takes issue with occurred before discovery closed two years ago (i.e. the January 2019 disclosures did not occur after discovery closed or on the eve of trial). Plaintiff has met her burden to show a substantial justification for not making all her disclosures earlier in the discovery process: this is a personal injury case, treatments and assessments were ongoing, and her expert reports were opinions of first impression. Plaintiff makes a detailed showing that she made multiple supplemental disclosures regarding her treatments, past medical damages, lost wages, earning capacity, and future damages both throughout the discovery process and before the discovery deadline. It is also reasonable for the plaintiff in this case to make supplemental disclosures after discovery closed to reflect her ongoing treatments, especially given the length of time that has elapsed since discovery closed. This case should be decided on the merits and the defendant's motion for exclusion sanctions is denied.

Accordingly,

IT IS ORDERED that defendant's motion for exclusion sanctions (ECF No. 45) is DENIED.

DATED this 25th day of March 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Walmart also argues that plaintiff made disclosures after discovery closed, the thrust of the motion is focused on the disclosures that plaintiff made before discovery closed in March 2019.