UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LILIA JARRELL, | Case No.: 2:18-cv-01219-APG-VCF |
| Plaintiff | **Order Granting in Part Motion in Limine No. 11 and Modifying Oral Rulings on Motions in Limine Nos. 1 and 12** |
| v. | |
| WALMART STORES, INC., et al., | [ECF Nos. 81, 83, 89] |
| Defendants | |

Plaintiff Lilia Jarrell moves to exclude defendant Walmart Stores, Inc.'s expert, Dr. Steven McIntire, from testifying at trial because his opinions are not relevant, his report does not satisfy Federal Rule of Civil Procedure (FRCP) 26(a)(2)(B)(i), and his opinions are not reliable. Walmart opposes the motion.

**I. ANALYSIS**

**A. Relevance**

Jarrell first contends that McIntire's opinions are no longer relevant because she has dropped her claims related to her headaches and post-concussion syndrome. However, as I stated at the April 13, 2022 hearing, McIntire opines on more than these injuries. *See* ECF No. 89-1 at 46-47 (McIntire's report discussing cervical and upper extremity injuries). His opinions therefore remain relevant to issues in this case.

**B. Adequacy of Disclosure and Reliability**

FRCP 26(a)(2)(B)(i) requires an expert witness report to provide "a complete statement of all opinions the witness will express and the basis and reasons for them." McIntire's report is deficient under FRCP 26(a)(2)(B)(i) in most respects. For example, he opines that Jarrell's treatment "has been excessive." ECF No. 89-1 at 47. It is not clear from the report what

treatment he opines has been excessive or "the basis and reasons for" this opinion.  McIntire also opines that:

> With time, Ms. Jarrell begins to complain of a wide variety of additional symptoms including a return of sensory symptoms of the upper extremities, lumbar symptoms and cognitive symptoms.  She underwent multiple additional procedures[,] including a carpal tunnel release, cubital tunnel release and radial nerve release. . . .  Based on the timing of the onset of her additional symptoms with prior normal examinations, it is not reasonable to relate such conditions to her slip and fall.

*Id.*  But again his report does not identify the basis and reasons for these opinions.  He does not identify what prior normal examinations he is basing his opinion on, or explain the significance of the timing and why that negates a causal connection.

The failure to comply with Rule 26(a)(2)(B)(i) triggers sanctions under Rule 37(c)(1).  *See Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739-40 (9th Cir. 2021).  "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).  In determining whether to exclude testimony under Rule 37(c), "the burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Walmart has not shown that the deficiencies in McIntire's report are substantially justified or harmless.  Merely stating that Jarrell could have deposed McIntire is insufficient to meet this burden. *See Howells v. Gen. Elec. Co.*, No. 2:10-CV-00703-LDG-VCF, 2012 WL 870333, at *4 (D. Nev. Mar. 14, 2012) ("A party is not required to depose experts in lieu of a proper expert designation and report . . . .").  Jarrell was entitled to know the substance of McIntire's opinions, and the bases and reasons for them, through his report.  Such knowledge is

necessary to inform her decision whether to depose McIntire, what questions to ask him, and to arm her own experts with sufficient information to rebut those opinions.

The question then is the appropriate remedy for the report's inadequacy. Although Rule 37(c)(1) contemplates exclusion of McIntire's testimony, I may impose other sanctions, including payment of attorney's fees, prohibiting the non-complying party from supporting a claim, striking pleadings, or dismissing claims. Fed. R. Civ. P. 37(c)(1)(A)-(C). I consider several factors in deciding whether to impose Rule 37(c)(1)'s exclusion sanction:

> 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [other party]; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions.

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quotation omitted).

This case has been pending for several years and is ready for trial. Consequently, the first two factors weigh in favor of excluding McIntire's testimony, and against lesser sanctions like reopening discovery to either allow McIntire to amend his report or to allow for a deposition. Reopening discovery would likely delay trial, resulting in prejudice to Jarrell. There are lesser sanctions available, such as Jarrell deposing McIntire. But this would allow McIntire to create new theories and opinions not disclosed in his report after the deficiencies in his report have already been identified in Jarrell's motion in limine. This would also provide McIntire a preview of cross-examination on the eve of trial. Moreover, Walmart never requested a lesser sanction. *See Merch.*, 993 F.3d at 741 (stating that "a noncompliant party must avail himself of the

opportunity to seek a lesser sanction by formally requesting one from the district court" (quotation omitted)).  Weighing the factors, I conclude the proper sanction is to exclude McIntire's opinions that were not adequately disclosed in his expert report.[1]

However, I will allow McIntire to testify as to one opinion that was adequately disclosed. In his report, McIntire noted Jarrell's "significant prior cervical history with chronic neck pain and prior imaging abnormalities resulting in a recommendation for cervical surgery before this fall in June 2016." ECF No. 89-1 at 46.  He opined that "[b]ased upon the provided records, it is not clear or adequately substantiated that the fall significantly changed her underlying cervical condition." *Id.*  His report identifies relevant records, including prior injuries, reports of chronic neck pain, and recommendation for neck surgery. *See, e.g.*, *id.* at 2-4.  Jarrell contends this opinion should be excluded as unreliable because McIntire did not review all available records. But that is fodder for cross examination and goes to the weight of his testimony, not its admissibility. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").  I therefore deny Jarrell's motion to exclude McIntire's testimony regarding this opinion. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1029 (9th Cir. 2022) (stating that a "relevant opinion offered with sufficient foundation by one qualified to give it" should not be excluded (quotation omitted)).

/ / / /

---

[1] This ruling is not dispositive of any claim or defense.  But even if it were, I would reach the same conclusion.  Where a Rule 37(c)(1) sanction "amount[s] to dismissal of a claim, [I am] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, . . . and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).  The report was intentionally crafted, Walmart is at fault for not disclosing an adequate report, and I have already discussed the reasons why lesser sanctions are not appropriate.

### C. Impact on Other Rulings

My decision on this motion impacts two rulings I made at the April 13, 2022 hearing. First, when I ruled on Jarrell's motion in limine number 1 (ECF No. 81), I held that McIntire may point out objective findings of acute injury, subjective symptoms, and inconsistent pain complaints. My ruling on ECF No. 81 is now modified to clarify that McIntire may testify to these findings if they are contained in the admissible portions of his report. The rest of my ruling on ECF No. 81 remains unchanged.

Second, I denied Jarrell's motion in limine number 12 (ECF No. 83) to exclude references to past injuries. I noted that McIntire considered Jarrell's causation theory in his analysis, so his report needed only to be "relevant and supported by competent medical research" to permit his testimony on past injuries and alternative causation theories. *Williams v. Eighth Jud. Dist. Ct.*, 262 P.3d 360, 363, 367-69 (Nev. 2011). However, because I limit McIntire's report to his findings relating to Jarrell's cervical condition, he may not testify to past injuries or alternative causation theories outside that context. So, if his "testimony is used for the purpose of cross-examining [Jarrell's] expert or to otherwise contradict [her] causation theory by comparing that theory to other plausible causes," then it must be limited to the context of her cervical injuries. *Id.* at 368. This limitation does not restrict Walmart's ability to use the facts of Jarrell's past injuries when cross-examining her or her percipient and expert witnesses as to her own causation theory for all types of injuries.

I THEREFORE ORDER that plaintiff Lilia Jarrell's motion in limine number 11 **(ECF No. 89) is GRANTED in part and DENIED in part** as set forth in this order.

/ / / /

/ / / /

I FURTHER ORDER that my oral rulings on plaintiff Lilia Jarrell's motions in limine numbers 1 and 12 **(ECF Nos. 81, 83) are MODIFIED** as set forth in this order.

DATED this 21st day of April, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE